AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____ on the following

☐ Trademarks or   ☐ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT | |
|---|---|---|---|
| PLAINTIFF | | DEFENDANT | |
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60567-LEIBOWITZ

**LOUIS VUITTON MALLETIER**,

    *Plaintiff,*

v.

**THE INDIVIDUALS, BUSINESS ENTITIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**

    *Defendants.*

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's response to the Court's SEALED Order [ECF No. 8 (SEALED)] as to whether permissive joinder of forty-eight (48) Defendants in this trademark infringement action is proper under Federal Rule of Civil Procedure 20. [ECF No. 9 (SEALED)]. Upon a review of Plaintiff's response to the Court's SEALED Order, the Complaint [ECF No. 1], and the record evidence offered in support of the request for a temporary restraining order and preliminary injunction [ECF No. 6], the Court concludes that joinder is improper.

### I. BACKGROUND

Plaintiff, Louis Vuitton Malletier, brings this trademark dispute against 48 foreign-based "individuals, business entities of unknown makeup, or unincorporated associations" ("Defendants") for alleged infringement of one or more of Plaintiff's registered trademarks. [ECF No. 1 ¶ 7]. Plaintiff seeks a temporary restraining order and preliminary injunction against the 48 Defendants listed in "Schedule A." [*See* ECF Nos. 1, 6, and 7 at 17–19 (SEALED)]. The Court subsequently ordered Plaintiff to supplement the record with briefing as to whether joinder of the Plaintiff and these

Defendants is proper under Federal Rule of Civil Procedure 20. [ECF No. 8 (SEALED)]. The Court is fully advised.

## II. LEGAL STANDARD

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Federal Rule of Civil Procedure 20(a)(2) provides, in relevant part: "Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same* transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added).

Thus, permissible joinder under Rule 20 requires, in part, a right to relief to be asserted against each defendant, jointly, severally, or in the alternative with respect to, or arising out of, the same transaction, occurrence, or series of transactions or occurrences. *Id.* "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam) (citing *In re Rasbury,* 24 F.3d 159, 168 (11th Cir. 1994)).

The Eleventh Circuit has explained that, "[i]n determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to [Federal Rule of Civil Procedure] 13(a) governing compulsory counterclaims." *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). To that end, "all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* (citation and internal quotation marks omitted). "The 'logical relationship' standard is a 'loose' one that 'permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits.'" *Rhodes v. Target Corp.*, 313 F.R.D. 656,

659 (M.D. Fla. 2016) (quoting *Edwards-Bennett v. H. Lee Moffitt Cancer & Rsch. Inst., Inc.*, No. 8:13-CV-00853-T-27, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013)).  "Notably, similar issues of liability alone are not sufficient to warrant joinder; the claims must also share operative facts."  *Id.*

While the Federal Rules of Civil Procedure are construed generously towards "entertaining the broadest possible scope of action consistent with fairness to the parties" and joinder of parties is "strongly encouraged," a district court maintains broad discretion in whether to allow joinder.  *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)); *Swan*, 293 F.3d at 1253.  "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits."  *Alexander*, 207 F.3d at 1323 (citation omitted).

### III. DISCUSSION

Plaintiff asks the Court to exercise its discretion to allow the action to proceed against 48 Defendants pursuant to Rule 20.  [ECF No. 9].  Plaintiff contends that Defendants are properly joined under the first prong of Rule 20(a)(2) because "Defendants are 'concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of Louis Vuitton Marks.'"  *Id.* at 8–9 (quoting Compl. ECF No. 1 ¶ 27).

This Court joins many others in holding that a plaintiff cannot satisfy Rule 20's requirements by merely alleging that multiple defendants have infringed the same patent or trademark.  *See, e.g., Omega, SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1351–54 (S.D. Fla. 2023) (Moore, J.) (finding joinder of Schedule A defendants improper in trademark infringement action) (citations omitted); *Peleg Design Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule "A" To the Complaint,* No. 1:23-CV-24672, 2024 WL 1759139, at *3 (S.D. Fla. Apr. 24, 2024) (Gayles, J.) (same); *Gold Wing Trading Inc. v. Individuals, P'ships*

*& Unincoporated Ass'ns Identified on Schedule "A",* No. 23-CV-60849, 2023 WL 9029582, at *2 (S.D. Fla. Nov. 3, 2023) (Middlebrooks, J.) (same); *see also Estee Lauder Cosms. Ltd. v. P'Ships & Unincorporated Ass'ns*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (Chang, J.); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) (Gettleman, J.)). One defendant's alleged trademark infringement does not necessarily arise out of the *same* transaction, occurrence, or series of transactions or occurrences as another's unrelated infringement of the same mark. *NFL Props. LLC v. P'Ships & Unincorporated Ass'ns*, No. 21-CV-05522, 2021 WL 4963600, at *2 (N.D. Ill. Oct. 26, 2021). When the defendants are not affiliated with one another, "there is no evidentiary overlap in proving liability for the alleged infringement." *Id.* And one defendant's defenses do not depend on that of an unrelated codefendant. *Id.*

Upon examination of the pleaded facts in this case, the Court is not persuaded that Defendants' conduct is sufficiently logically connected such that the Court can determine that each Defendant's conduct arises out of the same transaction or occurrence or series of transactions or occurrences. In essence, Plaintiff asks the Court to permit suit against dozens of apparently independent Defendants alleged—upon information and belief—to infringe upon various trademarks registered by Plaintiff. In the Complaint, Plaintiff provides a chart listing fourteen different trademarks, claiming that "Defendants are *each* promoting, advertising, distributing, selling, and/or offering for sale goods in interstate commerce using counterfeits and confusingly similar imitations of one or more of the Louis Vuitton Marks" through various websites and e-commerce stores. [ECF No. 1 at 6– 14 & ¶ 24 (emphasis added)]. In short, Plaintiff alleges that "one or more" trademarks are allegedly being infringed by various Defendants without saying which Defendant infringes on which mark(s). As such, the Court finds that Plaintiff has not provided a sufficient basis for the Court to determine that the claims against each Defendant arise out of the *same* transaction, occurrence, or series of transactions or occurrences as needed to properly join these Defendants in one action. *See*

*Omega, SA,* 650 F. Supp. 3d at 1351–54 (finding joinder improper because, *inter alia*, plaintiff failed to allege that every defendant used and sold the same trademarked image).

The Complaint alleges 48 distinct, foreign-based e-commerce website operators infringing Plaintiff's protected marks under different seller IDs across multiple e-commerce platforms. [ECF No. 7 (SEALED)]. Nevertheless, Plaintiff says joinder is appropriate because Defendants' "aggregated, illegal activities cause concurrent and indivisible harm to Louis Vuitton." [ECF No. 9 at 6 (SEALED)]. In support of this argument, Plaintiff relies on *Bose Corp. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 511 (N.D. Ill. 2020). In *Bose Corp.*, the district court accepted Plaintiff's argument that Rule 20 permits joinder under a "swarm" of harm theory to the plaintiff as follows:

> Bose faces a swarm of attacks on its trademarks. True, every individual counterfeiter can be said to cause a distinct injury. But that is not Bose's reality. Bose does not perceive any one counterfeiter to be the problem. Each injury by itself is relatively inconsequential to Bose. Rather, it is the injuries in the aggregate—the swarm—that is harmful and from which Bose seeks shelter. From Bose's perspective, filing individual causes of action against each counterfeiter ignores the form of harm it faces. Seeking relief against each member of the swarm one by one defies common sense, because it is the swarm—the fact that all Defendants are attacking at once—that is the defining aspect of the harm from which Bose seeks relief. Joinder of all defendants who are part of the swarm attacking Bose's trademarks flows easily from conceptualizing the swarm as the relevant Rule 20 "occurrence."

*Bose Corp.,* 334 F.R.D. at 517. Importantly, however, the *Bose Corp.* Court went on to qualify its ruling:

> To the extent any defendant appears and raises defenses that differentiate it from the swarm, the Court can always sever that defendant's case under Rule 21, just as the Court on its own severs parties at any point in a case if joinder proves to be unfair.

*Id.*

After reading *Bose Corp.*, this Court is not convinced that joinder of these Defendants under a "swarm" theory of harm to Plaintiff constitutes the "*same* occurrence" or "occurrences" contemplated by Rule 20(a)(2)(A). Instead, the Court agrees with the D.C. Circuit that "[s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder."

*AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (citation and internal quotation marks omitted).

Plaintiff's second theory for joinder is that Defendants created a "common injury" to Plaintiff that warrants a "common remedy." [ECF No. 9 at 5 (SEALED)]. In support of this argument, Plaintiff cites a 1904 New York case where the court permitted joinder of defendant mill owners sued by the downstream plaintiff for nuisance based on the mill's discharging refuse into a shared stream. *See Warren v. Parkhurst*, 45 Misc. 466, 92 N.Y.S. 725 (Sup. Ct. 1904), *aff'd* 105 A.D. 239, 93 N.Y.S. 1009 (App. Div. 3d Dep't 1905), *aff'd* 186 N.Y. 45, 78 N.E. 579 (1906). However, the Court in *Warren* sat in *equity*. *See id.* at 728. Moreover, the court explicitly recognized that it could not join the defendant mill owners in a *legal* action: "It is clear that an action at law cannot be maintained against the defendants jointly, for the reason that each is only liable for the actual wrong and damage done by him, and that, in a legal action against all, the several damages caused by each cannot be properly adjusted or determined." *Id.* at 725. In the case at bar, Plaintiff does not seek only injunctive relief—it seeks statutory damages at law (up to $1 million per defendant). So, *Warren* itself does not justify joinder for a portion of the relief sought here.

Plaintiff next argues that joinder is proper because common questions of law and fact arise as to all Defendants. That is not enough. Rule 20 explicitly requires both "arising out of the same transaction, occurrence, or series of transactions or occurrences" *and* common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2).

Lastly, Plaintiff contends that joinder is "preferred on policy grounds of fairness, convenience, and judicial economy." [ECF No. 9 at 10 (SEALED)]. Relying once again on *Bose Corp.*, Plaintiff says "[t]he balance of equities strongly favors joinder of these Defendants—individuals, business entities of unknown makeup, or unincorporated associations—who intentionally hide or even falsify their identities by providing false and/or misleading information during the registration or maintenance

process related to their respective e-commerce stores in order to avoid detection and frustrate any efforts to restrict their illegal activities." [*Id.*]. Whereas, "Louis Vuitton is forced to protect itself in the dark." [*Id.*]  In sum, Plaintiff argues that "by allowing the claims to travel together," judicial economy, and indeed, "the just, speedy, inexpensive determination" of this action will be promoted. [*Id.* at 12 (quoting Fed. R. Civ P. 1)].  The Court disagrees.

In our District, the Honorable Michael K. Moore has wisely explained that in cases such as these, "joinder of numerous defendants in one action undermines judicial economy where the court must still evaluate the evidence submitted against *each* Defendant in support of liability and damages." *Omega, SA,* 650 F. Supp. 3d at 1353 (citing *Estee Lauder Cosms. Ltd.*, 334 F.R.D. at 189 (noting that this "is especially true in the *ex parte* setting of a temporary restraining order, as well as for default-judgment motions").  In certain respects, joinder of these types of defendants "unduly complicates the action against them." *Id.* at 1353.  That is because each defendant will face a morass of filings and evidence pertaining to dozens of likely unrelated codefendants. *See id.*  This Court agrees with Judge Moore's observations here.

Additionally, joinder of these 48 Defendants generates a windfall of sorts to Plaintiff at the very inception of the case.  Plaintiff paid only a single filing fee of $405.00 to sue 48 alleged infringers. Separate filings would have brought $19,440 into the Court's reserves to defray costs associated with these types of cases.  Filing fees often act as important pre-suit filters.  Absent the requirement of paying for each action asserted against each defendant, Plaintiff lacks any incentive to sort the wheat from the chaff.  In any event, whether the Plaintiff decides to filter before filing or not, extra-permissive joinder should not be the rule for certain categories of claims.  Party joinder and severance should be applied similarly across cases when a Complaint shows only that multiple defendants are "committing the same type of violation in the same way," and nothing more.  *AF Holdings,* 752 F.3d at 998.

In view of the foregoing, the Court declines to exercise its discretion to join these Defendants pursuant to Rule 20.

## IV. CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's EX PARTE SEALED Motion for Entry of a Temporary Restraining Order [**ECF No. 6**] is **DENIED**;

2. All Defendants, with the exception of Defendant Number 1, lvfashionablebag.com, are **SEVERED** from this action;

3. All claims against the severed Defendants are **DISMISSED without prejudice** for refiling in separate actions consistent with this Order. Plaintiff must designate any refiled case against any of the 47 severed Defendants as related to this action for purposes of Local Rule 3.8 and Internal Operating Procedure 2.15.00 of the U.S. District Court for the Southern District of Florida;

4. The Clerk of Court is instructed to ADMINISTRATIVELY CLOSE this case;

5. All pending motions, if any, are **DENIED AS MOOT**; and

6. Plaintiff has thirty (30) days from the date of this Order to file an amended complaint that conforms to the requirements of this Order.

**DONE AND ORDERED** in the Southern District of Florida this 2nd day of July, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record