**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 24-60567-CIV-LEIBOWITZ

LOUIS VUITTON MALLETIER,

        Plaintiff,

vs.

THE INDIVIDUAL, BUSINESS ENTITY, OR
UNINCORPORATED ASSOCIATION d/b/a
THE E-COMMERCE STORE NAMES
IDENTIFIED ON SCHEDULE "A,"

        Defendant.

_____/

## PLAINTIFF'S RENEWED MOTION TO FILE UNDER SEAL

Pursuant to Local Rule 5.4(b)(1), Plaintiff, Louis Vuitton Malletier ("Plaintiff"), by and through its undersigned counsel, submits this renewed Motion to File Under Seal. Plaintiff seeks an Order allowing Plaintiff to file under seal Schedule "A" to Plaintiff's Complaint, which identifies the Defendant's aliases and the information associated with its financial accounts at issue. For the same reasons, Plaintiff also seeks an Order allowing Plaintiff to file the Summons in this matter under seal.

Good cause exists for the foregoing order. Defendant is engaged in the promotion, advertisement, distribution, offering for sale, and sale of goods bearing and/or using counterfeits and confusingly similar imitations of Plaintiff's registered trademarks within this district, without authorization.  Plaintiff has discovered that Defendant is expanding its unlawful use of Plaintiff's trademarks at issue in this matter by registering, operating, and/or maintaining various Internet based e-commerce stores.  Defendant's counterfeiting and infringing activities are causing irreparable injury to Plaintiff and causing an overall degradation of the reputation and goodwill associated with Plaintiff's brand.  Accordingly, Plaintiff is seeking *ex parte* relief in this action.

Temporarily sealing these portions of the court file will prevent Defendant from prematurely receiving notice of Plaintiff's investigation into the operation of its unlawful business. In light of the illicit nature of the counterfeiting business and the ability of counterfeiters to practically eliminate their evidentiary trails by conducting their business entirely over the Internet, Plaintiff has good reason to believe that providing advance notification of Plaintiff's claims would cause Defendant to hide or transfer its ill-gotten assets, inventory, and related records beyond the jurisdiction of this Court and thereby thwart the Court's ability to grant meaningful relief. See Dell Inc. v. BelgiumDomains, LLC, Case No. 07-22674, 2007 U.S. Dist. LEXIS 98676, at *19 (S.D. Fla. Nov. 21, 2007) (granting motion to seal where the defendants, who operate their counterfeiting business electronically, "will likely destroy evidence or move it out of the jurisdiction" if provided with advance notice of the plaintiff's filings). As Defendant engages in unlawful trademark counterfeiting activities, Plaintiff has no reason to believe Defendant will make its assets available for or will adhere to the authority of this Court any more than it has adhered to federal trademark law.

Plaintiff requests that Schedule "A" to Plaintiff's Complaint and the Summons remain under seal until the Court has the opportunity to rule on Plaintiff's request for temporary *ex parte* relief. If the Court grants Plaintiff's requests for temporary *ex parte* relief, Plaintiff further requests that the Court's Order thereon be sealed until, at least, the relief ordered therein has been effectuated. At that time, Plaintiff will move to unseal, will make all pleadings and orders filed in this matter available to Defendant and will enter Defendant's name and aliases into the Court's CM/ECF system.

DATED: August 1, 2024.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **T. Raquel Wiborg-Rodriguez**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
Christine Ann Daley (Fla. Bar No. 98482)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.cloud
E-mail: Leo@smgpa.cloud
E-mail: Raquel@smgpa.cloud
E-mail: Christine@smgpa.cloud

Attorneys for Plaintiff