**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:24-cv-60567-LEIBOWITZ**

**LOUIS VUITTON MALLETIER**,

    *Plaintiff*,

v.

**THE INDIVIDUAL, BUSINESS ENTITY, OR**
**UNINCORPORATED ASSOCIATION d/b/a**
**THE E-COMMERCE STORE NAMES**
**IDENTIFIED ON SCHEDULE "A,"**

    *Defendant*.

_____/

## ORDER GRANTING APPLICATION FOR ENTRY OF PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court on Plaintiff's Application for Entry of Preliminary Injunction (the "Application") [ECF No. 14], filed on August 1, 2024. The Court held a noticed hearing on the Application on October 2, 2024, during which only counsel for Plaintiff, T. Raquel Wiborg-Rodriguez, Esq. appeared. [*See PAPERLESS MINUTE ENTRY*, ECF No. 31]. The Court has carefully reviewed the Application and the record and is otherwise fully advised.

By the instant Application, Plaintiff, Louis Vuitton Malletier ("Plaintiff") moves for entry of a preliminary injunction against Defendant, the Individual, Business Entity, or Unincorporated Association doing business as the e-commerce stores identified on Schedule "A" ("Defendant"), pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

The Court convened a hearing on October 2, 2024, at which only counsel for Plaintiff was present and available to present evidence supporting the Application. The Court made additional

findings on the record at the hearing. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court GRANTS Plaintiff's Application for Preliminary Injunction.

## I.     Factual Background[1]

Plaintiff is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Louis Vuitton Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| [logo] | 0,297,594 | September 20, 1932 | IC 018. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, and pocketbooks. |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 | IC 018. Luggage and ladies' handbags. |
| [LV logo] | 1,519,828 | January 10, 1989 | IC 018. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, pocketbooks. |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 | IC 014. Watches and straps for wrist watches.<br><br>IC 016. Catalogues featuring luggage and travel accessories, bags, small leather goods, and garments; notebooks, anthologies, and pamphlets referring to travel; calendars; telephone indexes; fountain pens, ballpoint pens, nibs, covers for pocket and desk diaries, and checkbook holders.<br><br>IC 018. Trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attaché cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios.<br><br>IC 024. Travel blankets.<br><br>IC 025. Shirts; sweatshirts; polo shirts; T-shirts; headwear; jackets; ties; belts; shawls; scarves. |

---

[1] The factual background is taken from Plaintiff's Amended Complaint, Application, and supporting Declarations submitted by Plaintiff.

2

| | | | |
|---|---|---|---|
| ✦ | 2,177,828 | August 4, 1998 | IC 014. Goods made of precious metals, namely, shoe ornaments, ornamental pins; jewelry, namely, rings, ear rings, cufflinks, bracelets, charms, necklaces; horological instruments, straps for watches, watches and wrist-watches, and cases for watches.<br><br>IC 018. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, and credit card cases, umbrellas.<br><br>IC 025. Clothing and underwear, namely, ((shirts, )) (( waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, )) shawls, stoles, ((scarves, neckties, pocket squares, )) belts, shoes, boots and sandals. |
| ⊛ | 2,181,753 | August 18, 1998 | IC 014. Jewelry, namely, rings, ear rings, bracelets, charms, necklaces, horological instruments, straps for watches, watches, and wrist-watches, cases for watches.<br><br>IC 018. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, credit card cases, and umbrellas.<br><br>IC 025. Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |

3

| | | | |
|---|---|---|---|
| LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 | IC 18. Goods made of leather or imitations of leather not included in other classes, namely, boxes of leather principally used for travel purposes, trunks, valises, traveling bags, * traveling sets for containing cosmetics and jewelry, * handbags, beach bags, shopping bags, shoulder bags, brief cases, pouches, fine leather goods namely, pocket wallets, purses, key cases, business card cases, credit card cases. |
| | 2,773,107 | October 14, 2003 | IC 014. Jewelry including ((rings,)) ((earrings,)) cuff links, bracelets, ((charms,)) necklaces, ((and medallions;)) horological and chronometric instruments and apparatus, namely, watches.<br><br>IC 018. Travel bags, travel bags made of leather; luggage trunks and valises, garment bags for travel, vanity-cases sold empty; rucksacks, shoulder bags, handbags; attaché cases, briefcases, drawstring pouches, pocket wallets, purses, umbrellas, business card cases made of leather or of imitation leather, credit card cases made of leather or of imitation leather; key holders made of leather or of imitation leather.<br><br>IC 025. Clothing, namely, ((shirts, T-shirts,)) belts, scarves, neck ties, shawls, ((skirts,)) raincoats, overcoats, ((trousers, jeans, pullovers, frocks,)) high-heeled shoes, low-heeled shoes, boots, tennis shoes; ((hats)). |
| | 3,107,072 | June 20, 2006 | IC 09. Spectacles, sunglasses and spectacle cases.<br><br>IC 18. Leather and imitation leather products, namely, traveling bags, traveling sets comprised of bags or luggage, trunks and suitcases, garment bags for travel purposes; vanity cases sold empty, rucksacks, shoulder bags, handbags, attaché cases, document wallets and briefcases made of leather, pouches made of leather, wallets, purses, business card cases, credit card cases; umbrellas.<br><br>IC 25. Clothing and undergarments, namely, belts, scarves, shawls, jackets, sashes for wear, shoes, boots. |

4

| | | | |
|---|---|---|---|
| | 3,576,404 | February 17, 2009 | IC 18: boxes of leather or imitation leather for packaging and carrying goods, trunks, suitcases, traveling sets comprised of matching luggage, traveling bags, luggage, garment bags for travel, ((vanity cases not fitted, )) toiletry cases sold empty, rucksacks, satchels, handbags, beach bags, leather shopping bags, sling bags, suit carriers, shoulder bags, waist bags, purses, travel cases, briefcases, briefcase-type portfolios, leather pouches, wallets, change purses, key cases, business card cases, calling card cases. |
| | 4,192,541 | August 21, 2012 | IC 09. Sunglasses; spectacles; accessories for telephones, mobile telephones, smart phones, PC tablets, personal digital assistants, and MP3 players, namely, covers, housings, and neck straps.<br><br>IC 14. Jewelry; tie pins; jewelry boxes; watches; watch bands; cases for timepieces.<br><br>IC 16. Printed matter, namely, catalogs, and books in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; stationery articles, namely, writing books, drawing books, notebooks, covers for diaries, indexes, and pads; office requisites, namely, pencil holders, pen holders, postcards.<br><br>IC 18. Boxes of leather or imitation leather for packaging and carrying goods; traveling bags; trunks; suitcases; vanity cases sold empty; toiletry bags sold empty; backpacks; handbags; attaché cases; leather document cases; wallets; purses; leather key cases.<br>IC 24. Textiles and textile goods, namely, bath linen, towels.<br><br>IC 25. Clothing, namely, shirts, tee-shirts, pullovers, skirts, dresses, trousers, coats, jackets, belts for clothing, scarves, sashes for wear, gloves, neckties, socks, bathing suits; footwear; headwear. |
| | 5,477,535 | May 29, 2018 | IC 009: Scientific, nautical, surveying, photographic, cinematographic, optical, weighing, measuring, signaling, checking and supervision, life-saving and teaching apparatus and instruments, namely, life vests; apparatus for recording, transmission, reproduction of |

5

| | | | |
|---|---|---|---|
| | | | sound or images, magnetic recording media, namely, blank magnetic data carriers, blank sound recording disks; bags and cases for video cameras or photographic apparatus; blank recordable CD-Rs, blank recordable DVDs and other digital recording media, namely, blank digital storage media; calculating machines, data processing equipment, computers and computer equipment, namely, computer peripherals, computer keyboards, printers for use for computers, mouse pads; computer software for downloading, publishing, showing, displaying, labeling, blogging, and sharing electronic media or information via the Internet or other communications networks in the fields of travel, luggage, luxury goods, fashion, clothing, sports, sailing, and the arts; blank USB sticks, electronic agendas, game software, recorded computer programs, for downloading, displaying, and sharing electronic media or information via the Internet or other communications networks in the fields of travel, luggage, luxury goods, fashion, clothing, sports, sailing, and the arts; electronic publications, namely, catalogs, books, brochures, pamphlets, and booklets in the fields of travel, luggage, luxury goods, fashion, clothing, sports, sailing, and the arts downloadable online or from the Internet; spectacles, sunglasses; spectacle frames; spectacle lenses, contact lenses; cases for spectacles or for contact lenses; signaling buoys, marker buoys in the nature of positioning buoys; telephones, mobile telephones, smartphones, tablets computers, personal electronic assistants (PDAs) and MP3 players; accessories for telephones, mobile telephones, smartphones, tablet computers, PDAs, and MP3 players, namely, hands-free kits for telephones, batteries, covers and cases, protective covers in the nature of facings; battery chargers, straps and lanyards for use with telephones, mobile telephones, smartphones, tablet computers, PDAs, and MP3 players, earphones; bags and cases specially adapts for holding or carrying mobile telephones and telephone equipment. |

6

|  |  |  |  | IC 014: Jewelry; fashion jewelry, especially precious or semi-precious stones, pearls, rings, earrings, cuff links, bracelets, charms, brooches, necklaces, pendants, key rings of precious metal, tie pins, medallions, jewelry rolls for travel; jewelry boxes; trophies of precious metal; timepieces, watches, wristwatches, watch straps, alarm clocks, stop watches, clock and watch making pendulums and cases or presentation cases for timepieces.

IC 018: Boxes of leather or imitation leather; travel bags, travel sets, namely, leather travel bags, trunks and suitcases, garment travel bags for footwear; unfitted vanity cases; backpacks, handbags; sports bags; evening bags, namely, clutch bags, attaché cases and briefcases of leather; wallets, purses, card wallets, key cases of leather; parasols, umbrellas.

IC 025: Clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, raincoats, overcoats, parkas, skirts, dresses; pajamas, house coats, night shirts, dressing gowns; clothing accessories, namely, hats, caps, bonnets, gloves, neckties, belts, leather belts, scarves, pocket squares, shawls, stockings, socks, tights, suspenders, stoles; underwear, lingerie; bathing suits; footwear, slippers, boots and half-boots.

IC 041: Educational, training, and entertainment services, namely, editing and publishing of catalogs, newspapers, books, magazines and texts other than for advertising in the field of travel, luggage, luxury goods, fashion, clothing, sports, and the arts; sporting activities, namely, arranging and organization of sporting competitions and of sailing contests; sporting and cultural activities, namely, sailing races; organization of sporting competitions and of sailing contests; radio entertainment, television show and film production; publishing of electronic publications, namely, on-line providing of electronic, non-downloadable publications; cultural activities, |

7

|  |  |  | namely, organization of events for cultural purposes; organization of competitions for education or entertainment purposes, namely, sports competitions; arranging and conducting of educational conferences and congresses; educational services, namely, arranging and conducting of colloquiums and seminars in the field of travel, luggage, luxury goods, fashion clothing, sports, sailing, and the arts; educational services, namely, conducting educational conferences, congresses, seminars in the field of travel, luggage, luxury goods, fashion clothing, sports, sailing, and the arts; organization of exhibitions for cultural or educational purposes; arranging and conducting of concerts, specifically excluding concerts offered by or in nightclubs; museum services, namely, providing museum facilities presentations and exhibitions; production of fashion shows; entertainment information, information on education, information on education in the field of training; organization of fashion shows for entertainment purposes; photographic reporting; entertainment services in the nature of production and distribution of multimedia entertainment contents, namely, programs and events provided through audio and video for broadcasting on a telecommunications network including computer networks; photography, photographic reporting; publication of books, publication of texts other than advertising texts, electronic publication of books and magazines online, writing of texts other than advertising and publicity texts, publication of books and reviews. |
|---|---|---|---|
|  | 6,836,090 | September 6, 2022 | IC 018. Boxes of leather or imitation leather; travelling bags; leatherware in the nature of travelling bag sets; trunks being luggage and suitcases; garment bags for travel purposes for clothes and shoes; vanity cases, not fitted; rucksacks; handbags; sport bags; clutches in the nature of evening purses; attaché cases made of leather; briefcases made of leather; pocket wallets; wallets; change purses; business card cases; leatherware in the nature of key cases; |

| | | | |
|---|---|---|---|
| | | | parasols; umbrellas; pet clothing; bags for carrying animals. |
| | 6,836,091 | September 6, 2022 | IC 018. Boxes of leather or imitation leather; travelling bags; leatherware in the nature of travelling bag sets; trunks being luggage; garment bags for travel purposes for clothes and shoes; vanity cases, not fitted; rucksacks; handbags; sport bags; attaché cases made of leather; briefcases made of leather; pocket wallets; wallets; change purses; business card cases; leatherware in the nature of key cases; parasols; umbrellas; pet clothing; bags for carrying animals. |

*See* Declaration of Salomé Gazaev in Support of the Plaintiff's Application for Preliminary Injunction ("Gazaev Decl.") [ECF No. 14-1 ¶ 4]; *see also* United States Trademark Registrations of the Louis Vuitton Marks at issue attached as Composite Exhibit 1 to the Amended Complaint [ECF No. 1-2]. The Louis Vuitton Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified in the chart above. (*See id.*)

Defendant, through the Internet based e-commerce stores under its seller names identified on Schedule "A" hereto (the "E-commerce Store Names"), has advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the Louis Vuitton Marks. *See* Gazaev Decl. ECF No. 14-1 ¶¶ 9, 12-13; Declaration of T. Raquel Wiborg-Rodriguez in Support of the Plaintiff's Application for Preliminary Injunction ("Wiborg-Rodriguez Decl.") [ECF No. 14-2 ¶¶ 2-3]; Declaration of Kathleen Burns in Support of the Plaintiff's Application for Preliminary Injunction ("Burns Decl.") [ECF No. 14-3 ¶¶ 4-5].

Plaintiff has submitted sufficient evidence showing that Defendant has infringed, at least, one or more of the Louis Vuitton Marks. *See* Gazaev Decl. [ECF No. 14-1 ¶¶ 4, 9-13]. Defendant is not now, nor has it ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Louis Vuitton Marks. [*See id.* ¶¶ 9, 12-13].

9

Plaintiff's counsel retained Invisible Inc, a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Plaintiff's products by Defendant and to document the available payment account data for receipt of funds paid to Defendant for the sale of such counterfeit branded products. *See* Gazaev Decl. [ECF No. 14-1 ¶ 10]; Burns Decl. [ECF No. 14-3 ¶ 3]; Wiborg-Rodriguez Decl. [ECF No. 14-2 ¶ 2]. Invisible Inc. accessed the Internet based e-commerce stores operating under each of Defendant's E-commerce Store Names, placed an order for the purchase of a product from each e-commerce store bearing counterfeits of, at least, one of the Louis Vuitton Marks at issue, and requested the products be shipped to addresses in the Southern District of Florida. *See* Burns Decl. [ECF No. 14-3 ¶ 4] and Composite Exhibit 1 thereto. Each order was processed entirely electronically[2] and following the submission of the orders, Invisible Inc documented the information for finalizing payment[3] for the products ordered from Defendant to its payment account data, identified on Schedule "A."[4] [*Id.*]. In connection with the investigation of Defendant, Invisible Inc determined the E-commerce Store Names are operated and/or controlled by Defendant and/or its organization. Burns Decl. ECF No. 14-3 ¶ 5]. These determinations are based upon shared customer service e-mail addresses, overlapping payment data, identical purported physical addresses, and shared telephonic contact data. [*Id.*] and Comp. Ex. 1 thereto.

At the conclusion of the process, the detailed web pages of the various products bearing the Louis Vuitton Marks offered for sale and ordered via Defendant's E-commerce Store Names were

---

[2] Defendant uses its E-commerce Store Names in tandem with electronic communication via private messaging applications to complete its offer and sale of counterfeit and infringing Louis Vuitton-branded products. *See* Burns Decl. [ECF No. 14-3 ¶ 4, n.1].

[3] Invisible Inc did not transmit the funds to finalize the sale for some of the orders for the Defendant so as to avoid adding money to Defendant's coffers. *See* Wiborg-Rodriguez Decl. [ECF No. 14-2 ¶ 2 n.2]; Burns Decl. [ECF No. 14-3 ¶ 4 n.2].

[4] Defendant also provided contact e-mail addresses in connection with its E-commerce Store Names, which are included on Schedule "A" hereto. *See* Wiborg-Rodriguez Decl. [ECF No. 14-2 ¶ 3]; Burns Decl. [ECF No. 14-3 ¶ 4 n.3].

10

sent to Plaintiff's representative for inspection. *See* Burns Decl. [ECF No. 14-3 ¶ 4]; Gazaev Decl. [ECF No. 14-1 ¶ 11]; Wiborg-Rodriguez Decl. [ECF No. 14-2 ¶ 2]. Plaintiff reviewed the various branded products offered for sale and ordered by Invisible Inc by reviewing the Internet based e-commerce stores operating under each of the E-commerce Store Names or the detailed web page captures thereof, and determined the products were non-genuine, unauthorized versions of Plaintiff's goods. *See* Gazaev Decl. [ECF No. 14-1 ¶¶ 12-13].

On April 11, 2024, Plaintiff filed its Complaint [ECF No. 1] and thereafter its Amended Complaint on August 1, 2024 [ECF No. 12] against Defendant for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. On August 1, 2024, Plaintiff also filed its Renewed *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [ECF No. 14]. On August 28, 2024, the Court held a hearing on Plaintiff's Motion to Seal [ECF No. 13], Renewed *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [ECF No. 14], and Renewed *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) [ECF No. 15]. [*See PAPERLESS MINUTE ENTRY,* ECF No. 16].

Following the hearing, Plaintiff submitted a Supplemental Declaration of Kathleen Burns with supporting exhibits [ECF No. 18]. Thereafter, on September 18, 2024, this Court issued a Sealed Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order (the "TRO") [ECF No. 22], and temporarily restrained Defendant from infringing the Louis Vuitton Marks at issue. Pursuant to the Court's September 18, 2024 TRO, Plaintiff properly served Defendant with a copy of the Amended Complaint and all filings in this matter [*see* ECF Nos. 29, 30]. On October 2, 2024, the Court conducted a hearing on Plaintiff's Application for Preliminary Injunction [ECF No. 14], at which only counsel for Plaintiff was in attendance.

## II. Legal Standard

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III. Conclusions of Law

The declarations Plaintiff submitted in support of its Application for Preliminary Injunction support the following conclusions of law:

A. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendant's advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the Louis Vuitton Marks, and that the products Defendant is selling and promoting for sale are copies of Plaintiff's products that bear and/or use copies of the Louis Vuitton Marks.

B. Because of the infringement of the Louis Vuitton Marks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Amended Complaint, Application for Temporary Restraining Order, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

1. Defendant owns or controls commercial Internet based e-commerce stores operating under its seller names which advertise, promote, offer for sale, and sell products bearing and/or using counterfeit and infringing trademarks in violation of Plaintiff's rights; and

   2. There is good cause to believe that more counterfeit and infringing products bearing and/or using Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products.

 C. The balance of potential harm to Defendant in restraining its trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products if such relief is not issued.

 D. The public interest favors issuance of the preliminary injunction to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

 E. Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendant's distribution and sales of goods bearing and/or using counterfeits and infringements of the Louis Vuitton Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

 F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

 G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendant has violated federal trademark laws, Plaintiff has good reason to believe

Defendant will hide or transfer its ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of Plaintiff's Amended Complaint, Application for Preliminary Injunction, and supporting evidentiary submissions, it is hereby

**ORDERED AND ADJUDGED** that pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651(a), and the Court's inherent authority, Plaintiff's Application for Preliminary Injunction [**ECF No. 14**] is **GRANTED**, according to the terms set forth below:

(1) Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order are hereby temporarily restrained as follows:

   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the Louis Vuitton Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

   b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the Louis Vuitton Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Louis Vuitton Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by Defendant, including, but not limited to, any assets held by or on behalf of Defendant.

(2) Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Louis Vuitton Marks or any confusingly similar trademarks, on or in connection with all e-commerce stores owned and operated, or controlled by Defendant, including the Internet based e-commerce stores operating under the E-commerce Store Names;

(3) Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Louis Vuitton Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to e-commerce stores registered, owned, or operated by Defendant, including the Internet based e-commerce stores operating under the E-commerce Store Names;

(4) Defendant shall continue to preserve copies of all computer files relating to the use of any of the E-commerce Store Names and shall take all steps necessary to retrieve computer files relating to the use of the E-commerce Store Names that may have been deleted before the entry of this Order;

(5) Upon Plaintiff's request, the privacy protection service for any of the E-commerce Store Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiff, to the extent not already done, the true identities and contact information of those registrants;

(6) Upon receipt of notice of this Order, the Defendant and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal"), and their related companies and affiliates shall immediately, to the extent not already done, (i) identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the E-commerce Store Names, payees, merchant identification numbers, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s); (ii) identify all other accounts which

15

transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) divert those restrained funds to a holding account for the trust of the Court;

(7)     Upon receipt of notice of this Order, Defendant and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, PayPal, and their related companies and affiliates for any purpose (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court;

(8)     Defendant or any financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(9)     This Order shall apply to the E-commerce Store Names, associated e-commerce stores, and financial accounts, and any other e-commerce store names or financial accounts that are being used by Defendant for the purpose of counterfeiting the Louis Vuitton Marks and/or unfairly competing with the Plaintiff;

(10) As a matter of law, this Order shall no longer apply to any e-commerce store name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction;

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendant may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court.  In the Court's discretion, the bond may be subject to increase in the interest of justice;

(12) This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated by the parties.

**DONE AND ORDERED** in the Southern District of Florida on October 2, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record

## SCHEDULE "A"
## DEFENDANT'S E-COMMERCE STORE NAMES,
## FINANCIAL ACCOUNT INFORMATION, AND E-MAIL ADDRESSES

| Defendant / E-commerce Store Name | Payee | Merchant Number | Financial Account | E-mail Address |
|---|---|---|---|---|
| lvfashionablebag.com | | MPL9GS575BTAW | | hotsaleitem@outlook.com |
| lvshopbags.com | Online store | MPL9GS575BTAW | | hotsaleitem@outlook.com |
| pursebagbliss.com | online store | R83MRDK7T2KLE | | customerservices103@outlook.com<br>business-bag@outlook.com<br>bag-custom-service@outlook.com |
| | onlinestore | | nuomi91096@163.com | bodroomltd@gmail.com<br>outletshoesservice@hotmail.com |
| bagstore2024.us | onlinestore | | nuomi91096@163.com | customerservices103@outlook.com<br>bodroomltd@gmail.com<br>outletbags-services@hotmail.com<br>service-bag@outlook.com |
| bagstore2024.com | onlinestore | | nuomi91096@163.com | support@realfsshop.com<br>outletbags-services@hotmail.com |
| baggalaxys.com | | KFE8N2LYAQMEJ | | bodroomltd@gmail.com |
| trendybagcraze.com | | KFE8N2LYAQMEJ | | bag-custom-service@outlook.com<br>business-bag@outlook.com<br>bodroomltd@gmail.com |
| handbags2024.com | online store | W76764GBY3YT8 | | xuechengtu@outlook.com<br>bodroomltd@gmail.com<br>outletbags-services@hotmail.com<br>service-bag@outlook.com |
| bagshoping2024.com | | 9A3SERXAPCDV8 | | support@realfsshop.com<br>business-bag@outlook.com<br>customerservices103@outlook.com |
| kudobags.com | | 9A3SERXAPCDV8 | | support@realfsshop.com |
| marcusbags.com | | 9A3SERXAPCDV8 | | support@realfsshop.com |